**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

DITECH FINANCIAL LLC formerly
known as GREEN TREE SERVICING
LLC,

    Plaintiff,

v.

MICHAEL J. ROSS, DEBORAH
ROSS, ABC BAIL BONDS INC.,
SANTANDER BANK, NATIONAL
ASSOCIATION, STATE OF NEW
JERSEY, CLAYTONS SELF
STORAGE, MIDLAND FUNDING LLC,
and UNITED STATES OF AMERICA,

    Defendants.

Civil No. 19-9148 (NLH/KMW)

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES:**

MICHAEL J. ROSS
P.O. BOX 847
ALLOWAY, NJ 08001

    *Appearing pro se.*

**HILLMAN**, District Judge

    WHEREAS Defendant Michael J. Ross filed a Notice of Removal, Petition for Removal, Memorandum Supporting Petition for Removal, a copy of the underlying state court docket and various court documents, various exhibits, and an application to proceed in forma pauperis ("IFP Application") on April 1, 2019; and

    WHEREAS Mr. Ross did not include a copy of the original

state court complaint within the papers initially filed with the Court; and

WHEREAS Mr. Ross transmitted a copy of the state court complaint to the Court on April 5, 2019; and

WHEREAS it appears the underlying complaint was filed in the Superior Court of New Jersey, Chancery Division, Salem County on November 18, 2015; and

WHEREAS pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although Mr. Ross submitted his IFP Application on the wrong form, it appears he would qualify to proceed in forma pauperis, without the prepayment of fees; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS typically individuals seek permission to file a complaint, not a notice of removal; but

WHEREAS the Court notes 28 U.S.C. § 1915(a)(1) applies to the "commencement, prosecution or defense of any suit . . .

without prepayment of fees . . . by a person who submits an affidavit," see, e.g., Long & Foster Real Estate v. Smith, No. 17-6768 (NLH/KMW), 2017 U.S. Dist. LEXIS 148184, at *1 n.1 (D.N.J. Sept. 13, 2017) (finding 28 U.S.C. § 1915 applies to screening of a notice of removal) (citing Bey v. Pennsylvania, 345 F. App'x 731, 732 (3d Cir. 2009); and

WHEREAS the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Security, No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)

3

("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS "[f]ederal courts are courts of limited jurisdiction, and when there is a question as to [the] authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits,'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (quoting Carlsberg Res. Corp. v. Cambria, Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977));

WHEREAS this Court must sua sponte assure itself that it possesses subject matter jurisdiction and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c); and

WHEREAS "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand," Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009); and

WHEREAS 28 U.S.C. § 1441 describes the grounds on which removal of a state court civil complaint may be had to a federal district court, with one ground being federal question

4

jurisdiction under 28 U.S.C. § 1331;[1] and

WHEREAS Mr. Ross only alleges that this complaint presents a federal question; and

WHEREAS "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); and

WHEREAS "neither defenses nor counterclaims provide the basis for federal question jurisdiction; rather 'federal question jurisdiction must be established squarely within the four corners of the complaint for removal purposes.'" Bayview Loan Servicing LLC v. Farzan, Civil A. No. 17-1796 (FLW), 2017 U.S. Dist. LEXIS 182364, at *6 (D.N.J. Nov. 3, 2017) (quoting Palmer v. Univ. of Med. & Dentistry of N.J., 605 F. Supp. 2d 624, 633 (D.N.J. 2009) (alterations omitted)); and

WHEREAS the underlying state court complaint does not state a federal claim, but merely asserts state law claims concerning foreclosure; and

---

[1] This Court will not analyze removal under 28 U.S.C. § 1442, even though the United States may still be a party to the underlying action. That removal statute only applies when removal is initiated by the United States or its equivalent. 28 U.S.C. § 1442(a). There is no indication from any papers filed with the Court that Mr. Ross falls within this narrow category.

5

WHEREAS Mr. Ross's grounds for removal, which appear to include constitutional claims, violations of the Uniform Commercial Code, violations of the Protecting Tenants at Foreclosure Act (12 U.S.C. § 5201, et seq.), and violations of various federal regulations, can – even viewed in the light most favorable to Mr. Ross – only be categorized as defenses or counterclaims and are not claims brought by Plaintiff or essential elements of those claims; and

WHEREAS for these reasons, the Court finds it does not possess subject matter jurisdiction over this matter because there is no federal question; and

WHEREAS under 28 U.S.C. § 1447(c) the Court must therefore remand this matter to the Superior Court of New Jersey, Chancery Division, Salem County for lack of subject matter jurisdiction;

THEREFORE,

IT IS on this   17th   day of        April        , 2019

**ORDERED** that Defendant Michael J. Ross's IFP Application [1-1] is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk shall **FILE** Defendant Michael J. Ross's Notice of Removal [1]; and it is further

**ORDERED** that the Clerk shall **REMAND** this case to the Superior Court of New Jersey, Chancery Division, Salem County; and it is further

**ORDERED** that the Clerk shall mark this matter **CLOSED**.

|                         |                              |
|-------------------------|------------------------------|
|                         | s/ Noel L. Hillman           |
| At Camden, New Jersey   | NOEL L. HILLMAN, U.S.D.J.    |